COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Cristobal Galvan Cerna v. The State of Texas

Appellate case number:    01-12-00324-CR

Trial court case number:  2009R0091

Trial court:              155th District Court of Austin County

The complete record was filed in the above-referenced appeal on November 8, 2012. Appellant's brief was due on December 10, 2012. *See* TEX. R. APP. P. 38.6(a). On December 11, 2012, appellant's counsel, Pheobe Smith, filed a motion to extend the deadline to file the brief to March 31, 2013. The motion was granted in part, and appellant's brief was ordered filed by January 16, 2013. On January 11, 2013, counsel moved to abate the appeal, contending that the reporter's record was incomplete. We denied the motion because the allegedly missing portions of the record were not designated for inclusion in the reporter's record. The record, therefore, was complete when filed and triggered the deadline for filing appellant's brief. In denying the motion, we stated that appellant may request a supplemental record from the court reporter but that any request would not affect appellant's brief deadline. *See* TEX. R. APP. P. 34.6(a)(1), (b)(1), (2), (3), (d), 35.3(b)(2), 38.6(a).

On February 1, 2013, the Clerk of this Court notified appellant that his brief was late and, absent a satisfactory response within 10 days, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). On February 8, 2013, appellant responded by filing a second motion for extension to file his brief, requesting that the deadline be extended to March 31, 2013. The motion was granted; appellant's brief was ordered filed by April 1, 2013. On March 29, 2013, appellant filed a motion asking the Court to reconsider the denial of his motion to abate the appeal and filed a third motion for extension of time to file his brief. We denied both motions. On April 16, 2013, the Clerk of this Court again notified appellant that his brief was late and, absent a satisfactory response within 10 days, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant responded by filing a motion to supplement the reporter's record, requesting that the record be supplemented and asserting that counsel cannot complete and file a brief until the record is supplemented.

The reporter's record was originally due on June 14, 2012, and was filed in this case on October 28, 2012. Appellant contends that the record is incomplete because it does not include

pretrial hearings in his case. A record of these pretrial hearings, however, was not designated for inclusion in the reporter's record for appeal. According to his motion to supplement, counsel did not discover that the record did not include pretrial hearings until many months after the initial deadline to file appellant's brief. Counsel first requested preparation of a supplemental reporter's record to include the pretrial hearings on January 9, 2013.[1] That motion also states that the court reporter advised counsel, on April 18, 2013, that additional time was needed to prepare a supplemental record. Appellant's counsel asserts that she cannot complete a brief in this case until the "missing volumes" are completed. No additional volumes of the reporter's record have been filed in this Court and appellant's brief is now more than eight months late.

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Austin County District Attorney's Office and appellant's counsel, Pheobe Smith, shall be present. TEX. R. APP. P. 38.8(b)(2). At the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

The trial court is directed to:

(1)     determine whether appellant wishes to prosecute the appeal;

(2)     if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Pheobe Smith of her duties as appellant's counsel;

(3)     if good cause exists, enter a written order relieving Pheobe Smith of her duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4)     if good cause does not exist to remove Pheobe Smith of her duties:

    a.     determine which records of pretrial hearings, if any, are necessary for appeal and, if any such record is necessary, set a date certain for filing a supplemental reporter's record with the necessary pretrial hearings in this Court regardless of whether the Court has reinstated the appeal and no later than 30 days from the date of the hearing;

    b.     if the court determines that a supplemental record is necessary for appeal, set a date certain when appellant's brief is due, regardless of whether this Court has reinstated the appeal and no later than 30 days from the date that the supplemental reporter's record is due to be filed in this Court;

    c.     if the court determines that a supplemental record is not necessary for

---

[1]     A letter, dated January 9, 2013, from appellant's counsel to the court reporter is attached to the motion to supplement. The letter lists dates on which counsel "believe[s] a hearing" was held and asks the court reporter to search her records "in order for the record to be complete." Although the list contains multiple hearing dates, the record of the suppression hearing is the only one that counsel specifically addresses in the motion to supplement.

[2]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

appeal, set a date certain when appellant's brief is due, regardless of whether this Court has reinstated the appeal and no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate, including any findings and recommendations regarding allegedly missing portions of the reporter's record; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2012); TEX. R. APP. P. 34.6(d), 38.8(b). **No motions to extend the time set by the trial court for filing a supplemental reporter's record or the appellant's brief will be granted.**

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Justice Jim Sharp
☑ Acting individually     ☐ Acting for the Court


Date:  September 3, 2013